BLD-137                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2726
_____

UNITED STATES OF AMERICA

v.

KENNETH DANIELS,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:15-cr-00127-001)
District Judge:  Honorable Berle M. Schiller
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 4, 2023
Before:  KRAUSE, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed May 22, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Federal Prisoner Kenneth Daniels appeals pro se from the District Court's denial of his motion for compassionate release. The Government has filed a motion for summary affirmance. For the following reasons, we will affirm.[1]

In 2016, Daniels pleaded guilty in the United States District Court for the Eastern District of Pennsylvania to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924I. Daniels, whose criminal history included three convictions for drug trafficking, an earlier firearms-related conviction, and an aggravated assault conviction, was sentenced as an Armed Career Criminal to a term of 180 months of imprisonment. He is currently scheduled for release in February 2028.

In July 2020, Daniels filed his first motion for compassionate release, which the District Court denied after determining that the 18 U.S.C. § 3553(a) factors counseled against such release. Daniels renewed his request shortly thereafter, asking the District Court to reconsider its earlier denial. The District Court summarily denied the motion.

In July 2022, Daniels again filed a motion seeking compassionate release,[2] citing multiple grounds in support, including but not limited to his ongoing medical and mental health challenges, the death by suicide of his stepson and its impact on his wife and her ability to care for his other stepchild, his need to care for his ailing mother, and his sincere efforts at rehabilitation. On August 24, 2022, the District Court denied the

---

[1] Although we have entertained the motion, we remind the Government that such a motion should typically be filed before the appellant's opening brief is due. See 3d Cir. L.A.R. 27.4(b).

[2] While the motion is styled as an untimely motion for reconsideration, we agree with the District Court that the motion was a renewed motion for compassionate release.

motion, concluding that Daniels had not demonstrated extraordinary and compelling reasons for compassionate release, and that, even if he had, compassionate release was not warranted based on a weighing of the § 3553(a) factors. Daniels appealed, and the Government seeks summary affirmance.

We have appellate jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a district court's order denying a motion for compassionate release, including a determination that the sentencing factors under § 3553(a) do not weigh in favor of granting compassionate release. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks and citation omitted). We may take summary action if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A district court may reduce a defendant's term of imprisonment "after considering the factors set forth in § 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Those sentencing factors require the courts to consider, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from future crimes by the defendant, and the need to avoid unwarranted sentencing disparities. See

3

18 U.S.C. § 3553(a).  Compassionate release is discretionary, not mandatory; therefore, even if a defendant is eligible for it, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors. See Pawlowski, 967 F.3d at 330; United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020) (finding no abuse of discretion where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed . . . but that the § 3553(a) factors counseled against granting compassionate release").

In analyzing the § 3553(a) factors, the District Court considered Daniels' offense of conviction, as well as his significant criminal history and the time left on his sentence, and concluded that "[t]o release him now would overlook the nature, circumstances and seriousness of his offenses, his history and characteristics, and would not promote respect for the law or provide just punishment."  D.Ct. ECF No. 124 at 3 n.1.  We cannot say that the District Court committed a clear error of judgment in its assessment of the § 3553(a) factors.  While Daniels argues that the District Court failed to give sufficient weight to the positive § 3553(a) factors that he believes favor granting relief, such as his extensive efforts at rehabilitation ("thousands of hours of programming" and "the extraordinary amount of rehabilitative classes he has taken"), 3d Cir. ECF No. 11 at 6, that contention, without more, fails to demonstrate that the District Court abused its discretion.  See generally Pawlowski, 967 F.3d at 330.

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.  See 3rd Cir. I.O.P. 10.6.